IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

WILLIAM M. SMITH,                         2:14-cv-01725-SB

        Plaintiff,                     ORDER

v.

DAVE G. POWELL, individually
and in his official capacity
as a Hearings Officer at
Eastern Oregon Correctional
Institution,

        Defendant.

BROWN, Judge.

    Magistrate Judge Stacie F. Beckerman issued Findings and Recommendation (#68) on January 25, 2016, in which she recommends the Court deny Plaintiff's Motion (#42) for Partial Summary Judgment, grant Defendant's Motion (#46) for Summary Judgment, and dismiss this matter with prejudice.  In addition, Magistrate

Judge Beckerman denied Plaintiff's Motion (#59) to Stay Summary Judgment Until Completion of Discovery and denied as moot Defendant's Motion (#44) to Stay Discovery.  Plaintiff filed timely Objections to the Findings and Recommendation.  The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report.  28 U.S.C. § 636(b)(1).  *See also Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*).

**I.   Plaintiff's Objections to the Portion of the Findings and Recommendation Regarding the Parties' Cross-Motions for Summary Judgment**

When any party objects to any portion of the Magistrate Judge's Findings and Recommendation in which the Magistrate Judge addresses a matter that is dispositive of a party's claim or defense, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report.  28 U.S.C. § 636(b)(1).  *See also Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*).

Plaintiff contends the Magistrate Judge's denial of his substantive due-process claim was in error because the Magistrate

2 - ORDER

Judge erroneously concluded the factors set out in *Sandin v. Conner*, 515 U.S. 472 (1995), apply to this case.  Thus, according to Plaintiff, the Magistrate Judge erroneously concluded Defendant did not interfere with any recognized liberty interest, and, therefore, Defendant was entitled to summary judgment on Plaintiff's substantive due-process claim.  In particular, Plaintiff asserts the Magistrate Judge should not have applied the *Sandin* factors to these circumstances and should have found Defendant violated his due-process rights by denying Plaintiff a fair hearing regarding his inmate disciplinary action because Plaintiff's alleged rule violation was not supported by any evidence in the record.  *See Burnsworth v. Gunderson*, 179 F.3d 771, 774-75 (9th Cir. 1999).

Defendant, on the other hand, contends the Magistrate Judge correctly found the *Sandin* factors are applicable to this case because the reasoning of *Burnsworth* was rejected by the Supreme Court in *Swarthout v. Cooke*, 562 U.S. 216 (2011).  Defendant also contends *Burnsworth* is distinguishable because the disciplinary action against Plaintiff was ultimately vacated and the fine rescinded, even though it was not until after Plaintiff served his full 120-day sentence in the Disciplinary Segregation Unit (DSU).

In *Burnsworth* the Ninth Circuit held a prisoner's due-process rights were violated in a disciplinary proceeding even

3 - ORDER

though the prisoner was not deprived of any recognized liberty interest under *Sandin* because the discipline was "totally unsupported by evidence." 179 F.3d at 775.

In *Swarthout* the Supreme Court addressed whether a California state-law requirement that parole determinations must be based on "some evidence" created a federal right protected by the Due Process Clause. 652 U.S. 216. After assuming the prisoners had a liberty interest in parole, the Supreme Court held the California "some evidence" rule did not become part of the due-process inquiry. *Id.* at 220. The Court held the due-process inquiry, therefore, was limited to whether the prisoners had been provided with adequate notice of the reasons they were denied parole and an opportunity to be heard. *Id.* The Court specifically foreclosed the notion that the state-law "some evidence" standard became part of the liberty interest in parole when it observed:

> It will not do to pronounce California's "some evidence" rule to be "a component" of the liberty interest. . . . Such reasoning would subject to federal-court merits review the application of all state-prescribed procedures in cases involving liberty or property interests, including (of course) those in criminal prosecutions. That has never been the law. To the contrary, we have long recognized that "a 'mere error of state law' is not a denial of due process."

*Id.* at 221-22 (quoting *Engle v. Isaac*, 456 U.S. 107, 121 n.21 (1982)).

This Court need not determine whether the Ninth Circuit's

4 - ORDER

rationale in *Burnsworth* remains viable after *Swarthout*, however, because *Burnsworth* is distinguishable from the facts of this case.  In *Burnsworth* "there was no evidence" that the plaintiff attempted to escape (179 F.3d at 773).  In this case, however, there was at least some evidence that supported the charge.  Defendant found Plaintiff in violation of the rule regarding "Compromising an Employee" of the Oregon Department of Corrections (ODOC).  It is undisputed that the record before Defendant in the hearing contained a letter written by Plaintiff to a female county-jail volunteer religious-service provider in which Plaintiff expressed a desire to unexpectedly visit the jail volunteer after Plaintiff is released from prison and also described in graphic detail multiple forcible rapes that Plaintiff had committed in the past.  Although Defendant erroneously concluded the county-jail volunteer was an "employee" of ODOC within the meaning of the rule, this is not a case like *Burnsworth* in which "there was no evidence" supporting the charge because Defendant had evidence that Plaintiff wrote a sexually-threatening letter to an individual who could conceivably be considered an "employee" of ODOC.  *See Burnsworth*, 179 F.3d at 773.

To accept Plaintiff's contention that the *Sandin* factors were inapplicable to this case, therefore, would result in a holding that any erroneous interpretation of state law (or prison

5 - ORDER

regulations) on the part of a prison hearings officer would *per se* violate due process regardless whether the prisoner was deprived of a liberty interest under *Sandin*.  Such a holding, however, is foreclosed by *Swarthout*.  See 652 U.S. at 221-22. Accordingly, the Court concludes the Magistrate Judge appropriately determined the *Sandin* factors apply to this case.

Plaintiff does not object to the Magistrate Judge's conclusion that Plaintiff was not deprived of any recognized liberty interest under the *Sandin* factors, and this Court does not find any error in the Magistrate Judge's conclusion. Accordingly, the Court concludes the Magistrate Judge appropriately concluded Defendant is entitled to summary judgment on Plaintiff's substantive due-process claim.

Thus, this Court has carefully considered Plaintiff's Objections and concludes Plaintiff's Objections do not provide a basis to modify the Findings and Recommendation.  In addition, the Court also has reviewed the pertinent portions of the record *de novo* and does not find any error in the Magistrate Judge's Findings and Recommendation.

**II.  The Magistrate Judge's Denial of Plaintiff's Motion (#59) to Stay Summary Judgment Until Completion of Discovery**

In accordance with Rule 72(a), "[w]hen a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate,

6 - ORDER

issue a written *order* stating the decision." The standard of review for a nondispositive order with objections is "clearly erroneous" or "contrary to law." *See also* 28 U.S.C. § 636(b)(1)(A)(the "clearly erroneous or contrary to law" standard of review applies to nondispositive motions).

After reviewing the record the Court concludes the Magistrate Judge appropriately denied Plaintiff's Motion to Stay Summary Judgment Until Completion of Discovery because further discovery would be futile.

## CONCLUSION

The Court, therefore, **ADOPTS** Magistrate Judge Beckerman's Findings and Recommendation (#68) and, therefore, **DENIES** Plaintiff's Motion (#42) for Partial Summary Judgment, **GRANTS** Defendant's Motion (#46) for Summary Judgment, and **DISMISSES** this matter **with prejudice**.

IT IS SO ORDERED.

DATED this 28th day of March, 2016.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge